**SEARS, ROEBUCK & CO. v. HARTLEY.**

No. 11399.

Circuit Court of Appeals, Ninth Circuit.

April 3, 1947.

John L. Wheeler and John G. Sobieski, both of Los Angeles, Cal., for appellant.

Chase, Rotchford, Downen & Chase and Robert E. Moore, Jr., all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment in a jury tried case in which appellee, plaintiff below, recovered $3,000 from appellant, defendant below, for personal injury arising from the improper insertion of a hearing device in appellee's ear by an employee of appellant. There was also special dam-

age for expense in appellee's treatment, which is not here contested.

■ That the appellee suffered serious injury and great pain caused by the act of appellant's agent is not questioned. The sole issue here is whether the district court erred in giving the portion of an instruction to the jury, italicized by us, as follows:

"2. Such sum as the jury shall award the plaintiff by reason of the physical pain, if any, which he has suffered by reason of his said injuries, if any, *or which he is reasonably certain to suffer in the future therefrom, if any.*"

There is evidence of two months' severe pain suffered by appellee, ending about six months before the trial, and evidence of a feeling in his ear like a fly, bothering him up to six weeks before the trial, and that his wife noticed a big difference in his hearing after the accident. There is also evidence that the memory of his past pain caused appellee to cry on the witness stand while telling his story to the jury.

■ Appellant claims that this evidence is not that required by Section 3283 of the California Civil Code, providing

*"Injuries resulting or probable after suit brought.* Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, *or certain to result in the future."* (Emphasis supplied.)

It cites the California Supreme Court opinion construing this statute in which it is stated:

"By this section, [C.C. § 3283] in an action for personal injuries recovery is limited so far as physical suffering, or pain, or mental anguish are concerned, to compensation for the consequences which have occurred up to the time of the trial, or it is reasonably certain under the evidence will follow in the future. * * * The jury may not consider consequences which are only likely to occur." Bellman v. San Francisco High School Dist., 11 Cal.2d 576, 588, 81 P.2d 894, 900.

■ We do not agree. The jury well could infer that though caused by mental anguish at the memory of his pain and the increased loss of hearing, the physical act of crying is painful and that it was reasonably certain to occur again in the future. The physical condition of appellee was evidence before the jury, not before us. It is not for this court to replace its inferences for that of the jury. The latter under the California law, and fundamentally, is allowed a "wide latitude" and "elastic discretion" in its deliberations. Taylor v. Pole, 16 Cal.2d 668, 672–673, 107 P.2d 614.

The judgment is affirmed.